THE STATE EX REL. BERCAW, APPELLANT, *v.* SUNNYBREEZE HEALTH CARE CORPORATION; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Bercaw v. Sunnybreeze Health Care Corp.,* 119 Ohio St.3d 284, 2008-Ohio-3922.]

(No. 2007–1440—Submitted May 6, 2008—Decided August 13, 2008.)

**Per Curiam.**

{¶ 1} At issue is appellee Industrial Commission of Ohio's denial of appellant Gloria J. Bercaw's request for temporary total disability compensation. In March 2006, Bercaw submitted a C–84 form from Dr. Brian R. Nobbs that certified temporary total disability retroactive to April 8, 2004. Dr. Nobbs's treatment notes for 2004 and 2005 were also submitted. The notes showed only two treatments in 2004 prior to October, when her claim was additionally allowed for a herniated lumbar disc. After that allowance, treatment intensified. In November and December 2004, for example, Bercaw was receiving chiropractic treatments almost every other day. Although the office notes report that her condition varied during this time with fluctuations in pain, range of .motion, and guarding, none indicate that Bercaw was unable to work because of her back condition.

{¶ 2} Only five visits for treatment were recorded in 2005. Once again, the contemporaneous office notes do not state that Bercaw was unable to return to her former position of employment or was temporarily and totally disabled.

{¶ 3} On April 1, 2006, Dr. Ayodele Adebayo reviewed Bercaw's medical file at the commission's request. Dr. Adebayo's report stated that he had reviewed and accepted the allowed conditions and the findings of all examining physicians, and he discussed some of the findings that he thought were significant. He concluded that there was insufficient medical documentation to substantiate Bercaw's claim of temporary total disability from 2004 to 2006.

{¶ 4} Dr. Adebayo's report prompted a six-page response from Dr. Nobbs. The report largely recapped Dr. Nobbs's treatment notes, along with repeated references to the fact that Dr. Adebayo had never examined or treated Bercaw. Dr. Nobbs, however, failed to address a key question raised by Bercaw's compensation request: If she was so consistently disabled throughout 2004 and 2005, why was there no reference to it in any of Dr. Nobbs's treatment notes?

{¶ 5} A district hearing officer denied compensation, and a staff hearing officer affirmed, relying on both Dr. Adebayo's report and a lack of contemporaneous evidence of disability over the requested period.

{¶ 6} Bercaw filed a mandamus petition in the Court of Appeals for Franklin County. The court upheld the commission's order, prompting Bercaw's appeal to this court as of right.

{¶ 7} In denying temporary total disability compensation, the commission found Dr. Adebayo's report to be more persuasive than Dr. Nobbs's evidence. The commission has exclusive authority to evaluate the weight and credibility of the evidence before it. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 20–21, 31 OBR 70, 508 N.E.2d 936. The commission can, consistent with this authority, accept the report of a nonexamining physician over that of a doctor who actually examined or treated the claimant. Here, the commission found that Dr. Nobbs's disability certification was not persuasive in light of the lack of contemporaneous reference to temporary total disability while Bercaw was being treated by him in 2004 and 2005. Given the commission's evidentiary prerogative, the commission did not abuse its discretion in relying on Dr. Adebayo's report.

{¶ 8} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Law Office of James A. Whittaker, L.L.C., Laura I. Murphy, and James A. Whittaker, for appellant.

Nancy Hardin Rogers, Attorney General, and Stephen D. Plymale, Senior Assistant Attorney General, for appellee Industrial Commission.