THE STATE EX REL. GIBSON, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Gibson v. Indus. Comm.*,

123 Ohio St.3d 92, 2009-Ohio-4148.]

*Workers' compensation — Temporary total disability compensation — Late certification of disability.*

(No. 2008-1376 — Submitted June 16, 2009 — Decided August 25, 2009.)

APPEAL from the Court of Appeals for Franklin County, No. 07AP-770,

2008-Ohio-2840.

_____

**Per Curiam**.

**{¶ 1}** At issue is appellant Douglas Gibson's request for temporary total disability compensation. Gibson had a history of lumbar problems before spraining his lower back at work on July 24, 2005. Dr. Charles B. May reported on August 1, 2005, that he had "placed [Gibson] off work and [hoped] to return him to a light duty position as soon as his pain becomes more tolerable." Within a month, Gibson was working "restricted duty" as a delivery driver with his employer, appellee C.W. DeMary Service, Inc. This work arrangement was apparently agreed to by Gibson and DeMary without Dr. May's participation.

**{¶ 2}** The nature and duration of the medical restrictions Dr. May imposed is not clear from the record, and by September 2005, it was a source of controversy between Dr. May, DeMary, and Gibson's managed-healthcare provider. The dispute between these three parties coincides with an apparent lack of treatment between August 31, 2005, and approximately February 2006, but it is unclear whether the lack of treatment was related to this dispute or not.

**{¶ 3}** On December 30, 2005, DeMary eliminated Gibson's light-duty job, and Gibson did not return to work in another capacity. Despite the fact that he was not working, appellee Industrial Commission of Ohio specifically noted in orders dated April 4, 2006, and May 11, 2006, that Gibson was not requesting temporary total disability compensation.

**{¶ 4}** In early 2007, a lumbar disc condition was added to Gibson's workers' compensation claim. Gibson then moved the commission for temporary total disability compensation retroactive to December 30, 2005 — the date his light-duty job ended. A March 21, 2007 C-84 disability form from Dr. May attributed the alleged disability to a restricted range of motion and subjective complaints of pain.

**{¶ 5}** Dr. Ronald J. Bloomfield reviewed Gibson's file at the commission's request. Dr. Bloomfield reported that treatment had remained the same throughout the course of Gibson's claim and suggested that it differed little from the treatment that he had received before his industrial injury. Similarly, he stated that Gibson's complaints of pain remained constant but that eventually Gibson started to improve.

**{¶ 6}** Dr. Bloomfield was aware that Gibson did "transitional work" until December 30, 2005. In that vein, Dr. Bloomfield wrote:

**{¶ 7}** "Mr. Gibson * * * was participating in a transitional work program. He continued to have pain but was improving under Dr. May's care. The record is not clear as to what happened later that year causing Mr. Gibson to be unable to work since 12-30-05 to the present. * * * He had pain prior to the events of 7-24-05 and was able to continue working for a number of months after his industrial accident. Through the entire time period to the present Mr. Gibson has complained of back pain and Dr. May has persistently recommended physical therapy and trigger point injections. Nothing is provided to support a period of

TTD from December 30, 2005 to the present. No medical evidence is provided to support some change [on] 12-30-05 to support the requested period of TTD."

{¶ 8} A commission district hearing officer denied compensation:

{¶ 9} "[T]he injured worker has not met his burden of proving that he was unable to perform the duties of his former position of employment * * *.

{¶ 10} "This order is based on Dr. Bloomfield's 04/07/2007 report. * * * [T]emporary total disability compensation has never before been paid in this claim and there is no narrative report or other rationale from Dr. May explaining his temporary total disability opinion or providing any new or changed circumstances that justify a period [of] temporary total disability compensation starting 12/30/2005."

{¶ 11} A staff hearing officer affirmed:

{¶ 12} "Dr. Bloomfield * * * concluded in light of the amount and nature of this treatment that there was insufficient evidence to conclude that the claimant was temporarily and totally disabled. In light of the long period of time under consideration, and failure to seek compensation at the time the claimant was disabled, the Staff Hearing Officer finds Dr. Bloomfield's conclusion to be well supported. Relying on Dr. Bloomfield's report, as well as an independent review of the records, the Staff Hearing Officer finds that the claimant has not demonstrated entitlement to temporary total disability compensation as requested." Further appeal was refused.

{¶ 13} Gibson filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying compensation. The magistrate agreed, finding that Dr. Bloomfield's report could not support the denial of compensation:

{¶ 14} "[I]t is apparent that [Dr. Bloomfield] was completely unaware that relator was still performing transitional work and that it was the employer's inability to provide him with further transitional work which led to his

unemployment after December 30, 2005. Dr. Bloomfield reviewed the record trying to find some medical evidence to support relator's departure from the workforce when, in fact, it was the employer who was unable to provide him with further transitional work." *State ex rel. Gibson v. Indus. Comm. of Ohio*, Franklin App. No. 07AP-770, 2008-Ohio-2840, ¶ 37.

{¶ 15} The court of appeals did not adopt the magistrate's conclusion of law:

{¶ 16} "[B]ased solely on th[e] clinical findings, Dr. Bloomfield disagreed with the conclusion that relator was entitled to the requested period of [temporary total disability] compensation. Essentially, Dr. Bloomfield disagreed with the conclusion that relator was unable to return to his former position of employment, even though he was aware that relator had been in a transitional work program. The fact that Dr. Bloomfield did not know the reason why relator was no longer working does not invalidate his opinion. The information was not relevant to his opinion. Dr. Bloomfield simply believed that the clinical findings did not support the conclusion that relator was unable to return to his former position of employment." Id. at ¶ 4.

{¶ 17} The court of appeals denied the writ, prompting Gibson's appeal as of right.

{¶ 18} The commission denied compensation based on its and Dr. Bloomfield's reviews and ultimately concluded that treatment over the disputed period did not corroborate a disability of the severity alleged. The order also suggests that the commission was influenced by a lack of contemporaneous evidence of disability.

{¶ 19} In his report, Dr. Bloomfield focused on Gibson's treatment and symptoms. He did not directly comment on the appropriateness of the former but stressed that Gibson's symptoms and treatment were the same before his industrial accident as after, despite the additional allowance of a disc condition.

This is significant because if the symptoms and treatment remained unchanged, so would the disability created by them.

{¶ 20} Dr. Bloomfield did not believe that Gibson's symptoms prevented a return to the former position of employment. Gibson had preexisting back problems, but his symptoms, according to Dr. Bloomfield, were the same both before and after the July 24, 2005 reinjury. Since his symptoms before reinjury did not prevent Gibson from doing his regular duties, it follows that these same symptoms would not prevent a return to those duties after reinjury. Dr. Bloomfield, moreover, went one step further in specifying that Gibson's treatment and symptoms were the same after December 30, 2005. Dr. Bloomfield could not substantiate a temporary total disability after that date without a medical change.

{¶ 21} Gibson contends that the relevant change on December 30, 2005, was occupational, not medical, and that Dr. Bloomfield's report is fatally flawed as a result. Gibson argues that on December 30, 2005, DeMary eliminated his light-duty job and with it removed the sole obstacle to temporary total compensation payment. That logic, of course, works only if Gibson was medically unable to return to his former position before December 30, 2005, which neither the commission nor Dr. Bloomfield believed.

{¶ 22} Gibson asserts that his light-duty assignment constitutes unassailable proof that he was unable to return to his former position from July through December 2005. This is incorrect. The commission's discretion is not bound by any work arrangement Gibson may have made with DeMary. Consequently, the fact that Gibson and DeMary may have agreed to a light-duty work arrangement does not force the commission to conclude that Gibson was medically unable to perform his regular duties from July to December 2005.

{¶ 23} The commission's order, which referred to "the long period of time under consideration and the failure to seek compensation at the time claimant was disabled," also suggests that a lack of contemporaneous medical evidence of

disability influenced its decision. Under *State ex rel. Bercaw v. Sunnybreeze Health Care Corp.,* 119 Ohio St.3d 284, 2008-Ohio-3922, 893 N.E.2d 502, the credibility of a belated assertion of disability can be adversely influenced by the lack of contemporaneous evidence of disability.

{¶ 24} The commission's statement implies that it was not persuaded by Dr. May's belated certification of disability. This is significant because Gibson's propositions center on discrediting Dr. Bloomfield's report in the belief that if Gibson is successful, the commission will be compelled to award temporary total disability compensation based on Dr. May's certification. That reasoning is flawed because even if Dr. Bloomfield's report is stricken, the commission's apparent rejection of Dr. May's opinion leaves the request for temporary total disability compensation unsupported.

{¶ 25} The commission, as was its prerogative, did not find Dr. May's belated certification of disability to be persuasive. We accordingly find that the commission did not abuse its discretion in denying temporary total disability compensation, and we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

O'DONNELL, J., concurs in judgment only.

_____

Portman, Foley & Flint and Christopher A. Flint, for appellant.

Richard Cordray, Attorney General, and William R. Creedon, Assistant Attorney General, for appellee Industrial Commission.

Fry, Waller & McCann and Derek L. Graham, for appellee C.W. DeMary Service, Inc.

_____